**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JORGE SIERRA,

        Plaintiff,

vs.

EVERBANK, FSA,

        Defendant.

_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, JORGE SIERRA, by and through undersigned counsel, and brings this action against the Defendant, EVERBANK, FSA ("EVERBANK"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, EVERBANK was and is a Federal Savings Association, duly license to transact business in the State of Florida.

8. Upon information and belief, Everhome Mortgage Company is a division and/or subsidiary of EVERBANK, FSA. Everhome Mortgage Company and EVERBANK, FSA are, therefore, one and the same. Thus, for ease of reference, Everhome Mortgage Company and EVERBANK, FSA will be referred to as EVERBANK.

9. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

10. At all times material hereto, EVERBANK, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** Fontainbleau Blvd., Apt. 303 Miami, Florida 33172.

## BACKGROUND AND GENERAL ALLEGATIONS

11. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

12. In May 2013, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") to fight to save his home.

13. On or around August 2013, an amended complaint in a foreclosure action was filed against Plaintiff in Miami-Dade County, Florida, bearing Case No. 12-8182 CA, and styled as *Everbank v. Sierra, et al.* (the "Foreclosure").

14. On May 20, 2014, Plaintiff consented to a judgment against him in exchange for a sale date to be schedule 150 days thereafter.

15. Plaintiff decided this was his best course of action in hopes of obtaining a loan modification during this timeframe.

16. On October 8, 2014, the scheduled sale date was canceled and reset for January 16, 2015.

17. On December 10, 2014, Loan Lawyers, on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to EVERBANK via facsimile.

18. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), EVERBANK was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether EVERBANK determined the LMP to be complete or incomplete. If EVERBANK deemed the LMP incomplete, EVERBANK was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

19. Because of the upcoming sale date, Plaintiff became anxious and concerned about his LMP.

20. Weeks went by and EVERBANK failed to provide a written acknowledgment of the LMP within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

21. As such, on December 19, 2014, Loan Lawyers reached out to EVERBANK's counsel regarding the LMP.

22. To date, Loan Lawyers has not heard back from EVERBANK or its counsel and Plaintiff's home is scheduled to be sold on January 16, 2014.

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

23. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22.

24. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

25. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce

such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

26. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

27. EVERBANK has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that EVERBANK did not provide a written notice within five (5) business days of receipt of the LMA acknowledging receipt of same and whether EVERBANK determined said application to be complete or incomplete.

28. As such, EVERBANK has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

29. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

30. Plaintiff is entitled to actual damages as a result of Defendant, EVERBANK's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, anxiety, and shock as a result of EVERBANK's failure to comply with its statutory duties under 12 C.F.R. § 1024.41 in the midst of an impending foreclosure sale scheduled to take place on January 16, 2015; and reasonable attorney's fees incurred as a result of having to correspond with EVERBANK's counsel after EVERBANK failed to comply with its statutory duties under 12 C.F.R. § 1024.41.

31. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of EVERBANK's pattern or practice of noncompliance with Regulation X and RESPA.

32. In this case alone, EVERBANK has violated three (3) separate provisions of Regulation X and RESPA.

33. Moreover, Plaintiff's counsel can demonstrate numerous instances relating to other clients under the applicable statutes, in which EVERBANK failed to comply with same.

34. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JORGE SIERRA, respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(b) Such other relief to which this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JORGE SIERRA, hereby demands a trial by jury of all issues so triable.

        Respectfully Submitted,

        /s/ Aaron Silvers
        Aaron Silvers, Esq.
        Florida Bar No.: 104811
        E-mail: asilvers@floridaloanlawyers.com
        Yechezkel Rodal, Esq.
        Florida Bar No.: 91210
        E-mail: chezky@floridaloanlawyers.com
        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*
        2150 S. Andrews Ave., 2nd Floor
        Fort Lauderdale, FL 33316
        Telephone:    (954) 523-4357
        Facsimile:    (954) 581-2786